HUGH DONELY *vs.* JOHN McGRANN and JOSEPH McCLAY.

Payment of rent may be proved by parol, though there was a receipt given.
On attachment against an absconding debtor, there need not be a second appraisement.
Judgment in replevin is for the sum found due as debt, and the value of the property destrained need not be found.

REPLEVIN.
The deft. McClay made cognizance as bailiff for McGrann, who avowed the taking as a distress for twelve dollars rent in arrear on the 25th September, 1833. Pleas, non tenuit, nil habuit in tenementis, no rent in arrear, and payment to ground landlord. Replications and issues.

Charles Connel, being possessed of a small tenement, divided into two parts, on a ground lease of $8 00 per annum, demised the south end to Hugh Donely for one year from the 25th March, 1833, at $24 00 per year, payable quarterly. On the fourth of May following, Connel assigned all his interest in the premises to John McGrann, one of the defts. By an arrangement between McGrann and Hugh Donely, the latter removed from the south to the north end of the building, at the same rent and on the same terms. On the sixth of May, 1833, an attachment was issued by a justice of the peace, at the suit of Robinson, Carr & Co. against Charles Connel as an absconding debtor, which was levied, on the seventh of May, on the said house, and an appraisement regularly made. Judgment was afterwards obtained on the attachment, and an execution issued on the tenth July, 1833, under which the house was sold to Robinson, Carr & Co. for $55. Donely afterwards attorned to Robinson, Carr & Co. and paid them the rent. He also paid the ground landlord and took receipts. He offered parol evidence to prove the amount

paid to the ground landlord, which was objected to, as it was shown there were receipts.

*The Court* said that parol evidence of the payment of money may be given by a witness who actually saw it paid, though there be a receipt. 3 *Stark. Ev.* 1055, *note.*

The plff. in replevin contended—That the distress was illegally taken: the demise was for the south end of the house, and the narr and avowry were for rent due for the north end, where the taking was. That the assignment from Connel to McGrann of fourth May was fraudulent, being but two days before the attachment, and on the eve of absconding. That the payment to ground landlord was a good defence.

*Bayard* replied—That the attachment of Robinson, Carr & Co. could give them no title, as it was after the assignment; nor was it regular, as there was no inventory and appraisement, which the law requires. [*Note.* There was an appraisement on the attachment *before* judgment; Mr. Bayard insisted there must be a second one after judgment and before sale, which the court thought not necessary. *Dig.* 348, *sec.* 32.] Second. That the distress was right, as there was a change from the south to the north end of the house with the full consent of all parties. This constituted a new letting.

The *Court* left it to the jury—First. Whether there was sufficient evidence to prove a demise in the north end; and second, whether they were satisfied that the assignment of Connel to McGrann, of fourth May, 1833, was a bona fide transaction.

Verdict for avowant, defts. in replevin.

The question arose on the return of the jury, whether it was necessary to find the value of the property distrained. The court said that, though formerly otherwise, the present act of assembly made it unnecessary. The condition of the replevin bond is to satisfy the judgment, whatever it may be, and not merely to the extent of the property distrained. *Dig.* 264, 365. The judgment is to be given for the sum found due, as debt, with costs, &c.

*R. H. Bayard,* for avowant.
*Wales,* for Donely.